UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BCW Diversified, Inc.,<br><br>      Plaintiff,<br><br>  v.<br><br><br>Ultra Pro International, LLC,<br><br>      Defendant. | 24-cv-1699<br><br>COMPLAINT FOR DECLARATORY JUDGMENT<br><br>Jury Trial Demanded |

Plaintiff BCW Diversified, Inc. ("BCW" or "Plaintiff") alleges as follows for its declaratory judgment complaint against Defendant Ultra PRO International, LLC ("Ultra Pro" or "Defendant").

## PRELIMINARY STATEMENT

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaration that BCW's conduct does not infringe or dilute Ultra Pro's alleged trademarks (the "Ultra Pro Marks") or constitute unfair competition under the Lanham Act, 15 U.S.C. §1051 et seq. BCW further seeks a declaration that Ultra Pro owns no valid, enforceable rights in the marks TOPLOADER, PENNY SLEEVES, PRO-BINDER, MINI SNAP, CHROMAFUSION TECHNOLOGY, and DECK VAULT (collectively, "the Challenged Marks").

2. This action arises out of Defendant's demands that BCW cease and desist from using the Challenged Marks and from BCW's allegedly infringing use of marks confusingly similar to the Ultra Pro Marks in connection with protective card sleeves. BCW denies that it has infringed, diluted, or otherwise violated any rights of Ultra Pro.

## JURISDICTION

3. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the trademark laws of the United States, 15 U.S.C. § 1051 et seq.

4. This court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a), 1338(a) and (b), 2201, and 2202.

5. Personal jurisdiction over Ultra Pro is proper in this District because Ultra Pro has availed itself of the rights and benefits of the laws of Indiana and has conducted business seeking enforcement of its rights and purposely directed its enforcement actions towards a business incorporated in Indiana with a principal place of business in Indiana.

## VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because BCW resides in this district, is subject to personal jurisdiction in this judicial district, and Ultra Pro has directed its business and enforcement activities at this judicial district and a substantial part of the events giving rise to the claim occurred in this judicial district. Furthermore, BCW manufactures and warehouses the subject products at its facility located in this District.

## PARTIES

7. BCW is a corporation that is incorporated in Indiana and has its principal place of business in Middletown, Indiana. BCW has been offering "top loaders," "penny sleeves," "mini-snaps" and other protective trading card products to the public for purchase for approximately thirty years.

8. Ultra Pro is a limited liability company formed under the laws of Delaware and has identified its principal place of business as Commerce, California. Ultra Pro is a manufacturer, wholesaler, and retail seller of protective card sleeves, binders, and holders for trading cards.

## FACTS

### Ultra Pro's Marks

9. Ultra Pro, a Delaware limited liability company with an address of 6049 Slauson Avenue, Commerce, California 90040, is the owner of U.S. Registration Numbers 6976683, 6615503, 7395393, 6615452, 7003716, and 2938691. BCW asserts each of these registered marks is invalid.

10. Ultra Pro has attempted to enforce exclusive trademark rights in the phrase "toploader" for protective card sleeves and TOPLOADER, Reg. No. 6976683, in International Class 016 is a phrase registered with the USPTO in connection with "Plastic holders specifically adapted for holding and protecting collectible trading cards and sports trading cards" and in International Class 028 for "Card game accessories, namely, plastic card holders for game cards, collectible trading card game cards, and playing cards";

11. Ultra Pro has attempted to enforce exclusive trademark rights in the phrase "penny sleeves" for protective card sleeves and PENNY SLEEVES, Reg. No. 6615503, in International Class 016 is a phrase registered with the USPTO in connection with "Plastic holders specifically adapted for holding and protecting collectible trading cards and sports trading cards" and in International Class 028 for "Card game accessories, namely, plastic card holders for game cards, collectible trading card game cards, and playing cards";

12. Ultra Pro has attempted to enforce exclusive trademark rights in the phrase "mini snap" for protective card holders and MINI SNAP, Reg. No. 6615452 in International Class 016 is a phrase registered with the USPTO in connection with "plastic holders specifically adapted for holding and protecting collectible trading cards and sports trading cards" and in International Class 028 for "card game accessories, namely, plastic card holders for game cards, collectible trading card game cards, and playing cards";

13. Ultra Pro has attempted to enforce exclusive trademark rights in the phrase "pro-binder" for protective card binders and PRO-BINDER, Reg. No. 7395393, in International Class 016 is a phrase registered with the USPTO in connection with "protective binders for storing collectible trading cards and game cards; plastic and leatherette binders for storing collectible trading cards and game cards; binders containing plastic sleeves for holding, protecting, and storing collectible trading cards and game cards" and in International Class 028 for "gaming accessories, namely, protective binders for game cards and game pieces; tabletop gaming accessories in the nature of binders with plastic pockets for holding and storing game cards and collectible trading card game cards";

14. Ultra Pro has attempted to enforce exclusive trademark rights in the phrase "chromafusion technology" for protective card sleeves and CHROMAFUSION TECHNOLOGY, Reg. No. 7003716, is a phrase registered with the USPTO in connection with "plastic material sold as a component of plastic protective sleeves having an opaque side and translucent side for gaming cards and specifically adapted for use in card game competitions and tournaments; plastic material sold as a component of plastic holders in the nature of sleeves having an opaque side and translucent side specifically adapted for holding and protecting game cards and for use in card game competitions and tournaments."

15. Ultra Pro has attempted to enforce exclusive trademark rights in the phrase "deck vault" for protective card containers and DECK VAULT, Reg. No. 2938691, in International Class 016 is a phrase registered with the USPTO in connection with "containers for storing collectible cards."

16. Ultra Pro's registered mark PRO-BINDER (the "PRO-BINDER Registration") is highly descriptive and has not acquired distinctiveness, rendering the mark unprotectable.

17. Ultra Pro has ceased using the registered mark DECK VAULT and has not used it for more than three years, creating a presumption that the mark has been abandoned and is not enforceable.

18. CHROMAFUSION TECHNOLOGY fails to function as a trademark because it is the name of a process. Also, the phrase "CHROMAFUSION TECHNOLOGY" is merely descriptive of "plastic material sold as a component of plastic protective sleeves having an opaque side and translucent side for gaming cards and specifically adapted for use in card game competitions and tournaments; plastic material sold as a component of plastic holders in the nature

of sleeves having an opaque side and translucent side specifically adapted for holding and protecting game cards and for use in card game competitions and tournaments" as CHROMA, FUSION, and TECHNOLOGY each maintain their ordinary and plain meaning even when combined.

19. Despite Ultra Pro's claim that it owns valid trademark rights in each mark listed in paragraphs 10-18, each mark is invalid and unprotectable.

20. BCW and third-party businesses have been using the terms "top loaders," "penny sleeves," and "mini-snap" for at least thirty years as the generic name for types of protective card sleeves. Ultra Pro knew of such use when it filed its applications for registration of the marks with the United States Patent and Trademark Office.

21. Ultra Pro also owns ULTRA PRO, Reg No. 1857678 in International Class 016, used in connection with plastic protective sleeves and plastic pages which contain the conceptually and extrinsically weak word "Pro," which is disclaimed in the PRO-BINDER Registration.

## BCW's Business and Non-Infringing Use

22. BCW is a respected leader in the collectible trading card industry with a successful history and focused commitment to customers seeking protective card products.

23. BCW has used the terms "top loaders," "penny sleeves," and "mini-snap" for thirty years of commerce throughout the United States in connection with the manufacture, promotion, and sale of protective card sleeves for collectible trading cards. BCW's use of these terms is not infringing use because the terms are generic or, at a minimum, merely descriptive of the goods and

6

services at issue. BCW's use of these terms is descriptive and third parties throughout the industry make wide use of these generic terms.

24. BCW is not using the alleged infringing terms "top loaders," "penny sleeves," and mini-snap" as trademarks to indicate the source of goods or services. Rather, it is using the terms descriptively in a manner that is not misleading to consumers and that is not likely to cause confusion as to the source of the goods.

25. "Top loaders, "penny sleeves," and "mini snap" are generic terms for types of plastic holders specifically adapted for holding and protecting collectible trading cards, sports trading cards, and card game accessories, namely, plastic card holders for game cards, collectible trading card game cards, and playing cards.

26. BCW does not use Ultra Pro's ULTRA PRO mark as a trademark or to describe any of its goods or services.

27. BCW does not use Ultra Pro's PRO-BINDER mark as a trademark or to describe any of its goods or services.

28. BCW's descriptive use of the term "pro" to refer to "professional grade" protective binders does not infringe any rights held by ULTRA PRO as the term "pro" is descriptive for card sleeves, as evidenced by the disclaimer of the term on Ultra Pro's PRO-BINDER Registration.

## Existence of an Actual Controversy

29. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

30. In early 2023, Ultra Pro contacted BCW to inform BCW that it had acquired registrations with the United States Patent and Trademark Office for the Challenged Marks and that it intended to enforce them against BCW.

31. On June 6, 2024, Ultra Pro filed a lawsuit (that it recently dismissed pursuant to Fed.R.Civ.P. Rule 41, in response to a motion to transfer venue) against BCW in the Northern District of Illinois, alleging that BCW was infringing on the Challenged Marks and on Ultra Pro's ULTRA PRO mark. Ultra Pro International, LLC *v.* BCW Diversified, Inc. (1:24-cv-04725).

32. Ultra Pro filed a lawsuit against (133) one-hundred and thirty-three retailers of BCW's products, including Zentra, LLC ("Zentra"), Case No. 1:24-cv-07259 in the Northern District of Illinois. In it, Ultra Pro alleges that those retailers' sales of BCW's toploader product infringes on Ultra's trademark rights.

33. Ultra Pro's accusations of infringement and unfair competition and dilution set out in Ultra Pro's demands and the suit it filed in the Northern District of Illinois are without basis because the terms are not being used as a designation of a source for its goods or services. Because consumers do not view generic or merely descriptive marks as trademarks, the descriptive designations used by BCW are not likely to cause consumer confusion as to the source of the goods or dilute any trademark rights owned by Ultra Pro and cause no harm to Ultra Pro.

34. Ultra Pro's accusation of dilution is also without basis because Ultra Pro's marks are not famous and were not famous when BCW commenced the use of the alleged infringing terms as required under the Lanham Act for dilution liability.

35. Based on the foregoing, a justiciable controversy exists between BCW and Ultra Pro as to whether BCW's conduct constitutes trademark infringement, unfair competition, or dilution under the Lanham, and whether Ultra Pro owns valid trademark rights in its alleged marks.

36. In view of Ultra Pro's threats and allegations, BCW needs and is entitled to a judicial declaration that BCW's conduct does not infringe or dilute Ultra Pro's alleged trademark rights in Ultra Pro's Marks or constitute unfair competition, and that Ultra Pro owns no protectable trademark rights in the Challenged Marks. Absent a declaration to this effect, Ultra Pro will continue to wrongfully allege that BCWs protective card sleeves advertised or sold using generic terms or non-infringing terms is infringing Ultra Pro's alleged trademark rights, thereby causing BCW irreparable injury and damage.

## COUNT ONE
## Declaratory Judgment of Non-Infringement

37. BCW repeats and realleges each of the preceding allegations as if fully set forth herein.

38. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that BCW has not infringed and is not infringing Ultra Pro's alleged trademark rights in the generic or merely descriptive terms "top loader", "penny sleeves," "chromafusion technology," "pro binder" and "mini snap."

39. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment

that BCW has not infringed and is not infringing Ultra Pro's alleged trademark rights in ULTRA PRO.

40. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that BCW has not infringed and is not infringing Ultra Pro's alleged trademark rights in the abandoned mark DECK VAULT.

41. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that BCW has not infringed and is not infringing Ultra Pro's alleged trademark rights in CHROMAFUSION TECHNOLOGY.

42. A judicial declaration is necessary and appropriate so that BCW may ascertain its right to continue using these terms in connection with protective card sleeves in the manner set out in this Complaint.

43. BCW is entitled to a declaratory judgment that BCW's use of the alleged trademarks registered by Ultra Pro in connection with protective card sleeve holders is not likely to cause consumer confusion and does not infringe, either directly or indirectly, any trademark rights of Ultra Pro under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a) and any related state law claims that are based upon Ultra Pro's claim of trademark rights as set forth herein.

## COUNT TWO
## Declaratory Judgment of No Dilution

44. BCW repeats and realleges each of the preceding allegations as if fully set forth herein.

45. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Ultra Pro's alleged marks were not famous marks as of the date BCW commenced use of the terms and BCW's use of the terms does not dilute any trademark rights of Ultra Pro under 15 U.S.C. § 1125(c).

46. A judicial declaration is necessary and appropriate so that BCW may ascertain its right to continue using the terms in connection with protective card sleeves in the manner set out in this complaint.

47. BCW is entitled to a declaratory judgment that Ultra Pro's marks were not famous as of the date BCW commenced use of the terms. BCW is further entitled to a declaratory judgment that BCW's use of the terms does not dilute, either directly or indirectly, any trademark rights of Ultra Pro under 15 U.S.C. § 1125(c) and any related state law claims that are based upon Ultra Pro's claim of trademark rights as set forth herein.

## COUNT THREE
## Declaratory Judgment of No Unfair Competition

48. BCW repeats and realleges each of the preceding allegations as if fully set forth herein.

49. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that BCW has not engaged in and is not engaging in unfair competition with Ultra Pro.

50.     A judicial declaration is necessary and appropriate so that BCW may ascertain its right to continue using the terms in connection with protective card sleeves in the manner set out in this complaint.

51.     BCW is entitled to a declaratory judgment that its conduct described herein does not constitute unfair competition under 15 U.S.C. § 1125(a) and any related state law claims that are based upon Ultra Pro's claim of trademark rights as set forth herein.

## COUNT FOUR
## Declaratory Judgment of Trademark Invalidity

52.     BCW repeats and realleges each of the previous allegations as if fully set forth herein.

53.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Ultra Pro owns no valid trademark rights in the alleged registered trademarks, "top loader", "penny sleeves," and "mini snap" because the alleged marks are generic or merely descriptive.

54.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Ultra Pro owns no valid trademark rights in the alleged registered trademark "Pro-Binder" because the mark is descriptive and has not acquired distinctiveness.

55.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Ultra Pro owns no valid trademark rights in "Chromafusion Technology" because it fails to function as a trademark.

56. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Ultra Pro owns no valid trademark rights in "Deck Vault" because the mark has been abandoned by Ultra Pro.

57. A judicial declaration is necessary and appropriate so that BCW may ascertain its rights to continue using these terms in connection with protective card sleeves in the manner set out in this complaint.

58. BCW is entitled to a declaratory judgment that Ultra Pro owns no valid trademark rights in the alleged marks, and therefore, BCW has not violated any of Ultra Pro's rights.

**WHEREFORE**, BCW requests judgment against Ultra Pro as follows:

1. Adjudging that Plaintiff has not infringed and is not infringing, either directly or indirectly, any valid and enforceable trademark rights of Defendant under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a) and any related state law claims that are based upon Defendant's claim of trademark rights as set forth herein.

2. Adjudging that Plaintiff has not diluted and is not diluting, either directly or indirectly, any trademark rights of Defendant under 15 U.S.C. § 1125(c);

3. Adjudging that Plaintiff has not engaged in and is not engaging in unfair competition in violation of 15 U.S.C. § 1125(a).

4. Adjudging that Defendant owns no enforceable trademark rights for the Challenged Marks at issue in this matter.

5. Restraining and enjoining Defendant and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them from alleging, representing, or otherwise stating that Plaintiff's use infringes or dilutes any rights of Defendant or constitutes unfair competition.

6. Declaring Plaintiff the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

7. Awarding Plaintiff all fees, expenses, and costs associated with this action; and

8. Awarding such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

       Defendant BCW Diversified, Inc., by:

       */s/  Marc C. Gravino*
       Marc C. Gravino
       Joel M. Huotari
       WilliamsMcCarthy, LLP
       120 West State Street, Suite 400
       Rockford, IL  61105-0219
       Email: mgravino@wilmac.com
       Email: jhuotari@wilmac.com
       Phone: (815) 987-8900