UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BCW Diversified, Inc. | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 24-cv-1699 |
| Ultra Pro International, LLC | ) |
| Defendant(s). | ) |

### MEMORANDUM IN SUPPORT OF ULTRA PRO INTERNATIONAL, LLC'S MOTION TO DISMISS AND/OR TRANSFER

Ultra Pro International, LLC ("Ultra Pro") seeks to dismiss this action pursuant to Fed. R. Civ. P. Rule 12(b)(3) or for an order to transfer this action to the Central District of California for consolidation with an identical action already filed by Ultra Pro. Because Plaintiff filed this action in anticipation of Ultra Pro filing suit against it in the Central District of California, Ultra Pro respectfully requests that the Court grant Ultra Pro's motion to dismiss.

**I.   Relevant Facts**

Ultra Pro filed an original action against Plaintiff BCW Diversified, Inc. ("BCW") in the Northern District of Illinois on June 6, 2024 captioned *Ultra Pro International, LLC v. BCW Diversified, Inc.* 24-cv-04725 (N.D. Ill.) ("Illinois action"). See Exhibit 1. Plaintiff asserted claims in the Illinois action of counterfeiting, trademark infringement, trademark dilution, unfair competition, and related state law claims stemming from Ultra Pro's registered trademarks. The trademarks at issue in the Illinois action included Ultra Pro's marks for TOPLOADER (Reg. No. 6,976,683), PENNY SLEEVES (Reg. No. 6,615,503),

1

MINI SNAP (Reg. No. 6,615,452), PRO-BINDER (Reg. No. 7,395,393), CHROMAFUSION TECHNOLOGY (Reg. No. 7,003,716), and DECK VAULT (Reg. No. 2,938,691). These registrations are the subject of BCW's declaratory judgment action in this Court. Ultra Pro also asserted infringement of Ultra Pro's registered trademarks for ULTRA PRO (Reg. Nos. 1,687,833, 1,857,678, 4,691,748) in the Illinois action, which are not included in BCW's declaratory judgment complaint. BCW filed a motion to transfer venue in the Illinois action to Indiana. Prior to the ruling on BCW's motion to transfer in the Illinois action, Ultra Pro voluntarily dismissed the action on September 26, 2024. On September 27, 2024, the Court in the Illinois action terminated the case and denied BCW's motion to transfer as moot. [Dkt. No. 24].

Ultra Pro filed an action in the Central District of California on October 2, 2024 (five days after the termination of the Illinois action) asserting identical claims of counterfeiting, trademark infringement, trademark dilution, and unfair competition as those asserted in the Illinois action involving the same trademark registrations as those in the Illinois action. This case is captioned as *Ultra Pro International, LLC v. BCW Diversified, Inc.*, 24-cv-8467 (C.D. Cal.) ("California action"). See Exhibit 2. BCW filed a motion to dismiss and/or transfer the California action which Ultra Pro is currently contesting. A mere two days prior to Ultra Pro filing the California action, and in anticipation of Ultra Pro filing the California action, BCW filed this declaratory judgment action on September 30, 2024.

In this action, BCW is seeking a declaratory judgment that it does not infringe the registered trademarks that Ultra Pro has asserted against it in both the Illinois action and the California action. BCW is also seeking a declaratory judgment that it has not diluted the trademarks asserted by Ultra Pro in the Illinois action and California action. BCW is seeking

2

a declaratory judgment from this Court that certain trademarks asserted by Ultra Pro in the Illinois action and California action are invalid. Because BCW filed this declaratory judgment action in anticipation of the California action, this case should be transferred to the Central District of California.

## II.     Legal Standard

28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

This determination is left primarily to the district court's sound discretion. *Research Automation, Inc. v. Schrader–Bridgeport Intern., Inc.*, 626 F.3d 973, 977 (7th Cir. 2010) (citations omitted). The Seventh Circuit "does not rigidly adhere to a first-to-file rule," so the Court "evaluat[es] the order of filing as part of the section 1404(a) transfer analysis." *Id*. at 980–81 (citations omitted). "[W]here a district court faces one of two identical lawsuits and one party moves to transfer to the other forum, the court should **do no more than consider the order in which the suits were filed** among the factors it evaluates under 28 U.S.C. § 1404(a)." *Id*. at 982 (emphasis added).

When considering the order of mirror-image lawsuit filed, the Seventh Circuit does not automatically prefer the first-filed suit, or require a party to overcome a presumption in favor of the earlier suit. *Research Automation, Inc.*, 626 F.3d at 979–82. In *Research Automation*, the Seventh Circuit stated, "we have made clear that where the facts of that case are replicated—that is, where the parallel cases involve a declaratory judgment action and a mirror-image action seeking coercive relief—we ordinarily give priority to the coercive

3

action, regardless of which case was filed first." *Id*. at 980 (citations omitted). Additionally, "[c]ourts have also departed from a first-to-file rule where one party files its lawsuit in anticipation of an impending suit by the opposing party." *Id*. (citing *Schwarz v. National Van Lines, Inc.*, 317 F.Supp.2d 829, 833 (N.D.Ill.2004)). "A district court may consider a party's intention to preempt another's infringement suit when ruling on the dismissal of a declaratory judgment action." *Micron Technology, Inc. v. MOSAID Technologies, Inc.* 518 F.3d 897, 904 (Fed. Cir. 2008). As the Seventh Circuit has stated "although a first-to-file rule would have the virtue of certainty and ease of application, ... the cost—a rule which will encourage an unseemly race to the courthouse ...—is simply too high." *Research Automation* at 981 (citations omitted).

### III. Analysis

This action is a mirror-image lawsuit of another lawsuit between the parties. Ultra Pro's complaint filed against BCW in the California action is practically identical to the issues in this presented in this case. All of the matters included by BCW in this action are encompassed by the California action. Thus, under the venue rule established by the Seventh Circuit, the California action is favored, even if it was filed after the filing date of this action. Therefore, this case should be transferred to the Central District of California.

In addition, BCW's filing was an in anticipation of Ultra Pro filing an action in California. Ultra Pro first filed its complaint against BCW in the Illinois action on June 6, 2024. The Illinois action alleged the infringement of all of the registered trademarks that BCW is seeking declaratory judgment concerning in this proceeding. When Ultra Pro dismissed the Illinois action without prejudice to refile the action in California, BCW undertook a race to the courthouse and filed its declaratory judgment action in this Court- winning the race by two

4

days. BCW filed this action in anticipation of Ultra Pro refiling its complaint. The declaratory judgment sought by BCW is identical to the claims first asserted in the Illinois action and then asserted in the California action. BCW knew that Ultra Pro was claiming BCW infringed Ultra Pro's trademarks and would likely file a lawsuit against it because Ultra Pro had already in fact done just that. When Ultra Pro voluntarily dismissed the Illinois action, BCW knew that Ultra Pro would refile its complaint in another venue and undertook to file this action as fast as it could. As the Seventh Circuit has pointed out, such actions are unfavored. This declaratory judgment action is a mirror of the complaint filed by Ultra Pro in California and is an anticipatory filing by BCW. Therefore, this case should be transferred to the Central District of California.

### IV.     Conclusion

For the reasons set forth herein, Defendant Ultra Pro respectfully requests that this action be dismissed and/or transferred to the Central District of California.

Dated:  December 30, 2024                                                                       Respectfully submitted,

By:              /s/   Kevin Keener
Kevin J. Keener
ARDC # 6296898
Keener & Associates, P.C.
161 N. Clark Street, Suite #1600
Chicago, IL 60601 (312) 523-2164
kevin.keener@keenerlegal.com