UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BCW Diversified, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>Ultra Pro International, LLC,<br><br>    Defendant. | 24-cv-1699<br><br>District Judge Richard L. Young<br><br>Magistrate Judge Mark J. Dinsmore |

## Plaintiff's Response to Defendant's Motion to Dismiss and/or Transfer

Plaintiff BCW Diversified, Inc. ("BCW" or "Plaintiff") states as follows for its Response to Defendant's Motion to Dismiss and/or Transfer (dkt 16) pursuant to Fed.R.Civ.P. 12(b)(3), 28 U.S.C.A. § 1391, and 28 U.S.C. § 1404:

### Summary of the Argument

Venue is proper in this District under 28 U.S.C.A. § 1391 since a substantial part of the events giving rise to the claim occurred here, a substantial part of property that is the subject of the action is situated here, and Ultra Pro is subject to personal jurisdiction here, making dismissal inappropriate under Rule 12(b)(3). In addition, 28 U.S.C. § 1404 does not support transfer since the convenience of the parties and witnesses and the interests of justice (factors the Motion does not address) will be best served by maintaining this case in the Southern District of Indiana, Indianapolis Division ("S.D.Ind.I.D."). The Motion to Dismiss and/or Transfer should be denied.

**Dismissal under Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1391**

Ultra Pro's Motion to Dismiss and/or Transfer was made pursuant to Fed.R.Civ.P. 12(b)(3). "Rule 12(b)(3) refers to dismissal for 'improper venue' and whether venue is proper in federal court is to be determined solely by reference to the federal venue statute, 28 U.S.C. § 1391." *Cont. Servs. Grp., LLC v. E&E Mfg. of Tennessee, LLC*, No. 2:22-CV-66-JPK, 2023 WL 2682262, at *3 (N.D. Ind. Mar. 29, 2023), citing *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55-56 (2013). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b)," namely:

> **(b) Venue in general.**--A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.*; 28 U.S.C.A. § 1391.

As noted in the Motion to Transfer the case that Ultra Pro had filed in the Northern District of Illinois to the S.D.Ind.I.D (Ex. 1 hereto) and the affidavit filed in support of same (Ex. 2 hereto),[1]

---

[1] Rather than reach the merits of that Motion to Transfer, Ultra Pro dismissed the N.D. Ill. case, which lead BCW to file this suit. Only once this suit was filed did Ultra Pro file the California Suit, which has since been dismissed on BCW's Motion to Dismiss or Transfer the California Suit to Indiana, which Ultra Pro never responded to. A copy of that Motion is attached as Ex. 3;

BCW manufactures and sells collectible accessories, supplies and related merchandise, including plastic sleeves used to protect collectible cards. *Id.* BCW is an Indiana corporation with its sole facility in Middletown, Indiana. *Id.* BCW has always maintained its business headquarters in Indiana, where it manufactures, inventories, and distributes its products- the very same products that are allegedly violating Ultra Pro's trademarks. *Id.* Because the allegedly infringing products are made, stored and distributed from this District, venue is proper under 28 U.S.C. § 1391(b)(2).

Plaintiff Ultra PRO International, LLC ("Ultra Pro") is a Delaware limited liability company with its principal place of business located at 6049 Slauson Avenue, Commerce, California 90040. Ultra Pro is a manufacturer, wholesaler, and retail seller of protective card sleeves, binders, and holders for collectible trading cards and game cards. (Ex. 2 at ¶ 12). It sells its products on its website https://ultrapro.com/ and on Amazon, such that it does business in this District. *Id.* As a result, venue is also appropriate in this District under 28 U.S.C. § 1391(b)(3) since Ultra Pro's online presence in this District subjects it to the personal jurisdiction here.

Consequently, dismissal under Fed.R.Civ.P. 12(b)(3) for improper venue is inappropriate.

## 28 U.S.C. § 1404(a)

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

---

the Affidavit in support is attached as Ex. 4; and the Order granting BCW's Motion to Dismiss or Transfer the California Suit to Indiana dated Nov. 19, 2024 is attached as Ex. 5. Although Ultra Pro's Motion claims "Ultra Pro is currently contesting" BCW's Motion to Dismiss or Transfer the California Suit to Indiana (dkt 16 at 2), that Motion was granted on Nov. 19, 2024, without any opposition, and no motion for reconsideration has ever been filed. A copy of the docket from the California suit demonstrating this fact is attached as Ex. 6.

28 U.S.C. § 1404(a). Section 1404(a) authorizes the Court to transfer matters based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). Therefore, the Seventh Circuit "grant[s] a substantial degree of deference to the district court in deciding whether transfer is appropriate." *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 977–78 (7th Cir. 2010).

Under 28 U.S.C. § 1404(a), a district court may transfer an action to any other district or division where the action could have been brought or to which the parties consent "[f]or the convenience of the parties and witnesses [and] in the interest of justice." Such a transfer under 28 U.S.C. § 1404(a) is appropriate only "when the moving party establishes that (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice." *Comm'ning Agents, Inc. v. Long*, –– F. Supp. 3d ––, No. 1:15-cv-00062-TWP-DKL, 2016 WL 2866053, at *3 (S.D. Ind. May 17, 2016) (citing *RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp.*, No. 1:14-CV-88-TWP, 2014 WL 3818289, at *2 (S.D. Ind. Aug. 4, 2014); *State Farm Mut. Auto. Ins. Co. v. Bussell*, 939 F. Supp. 646, 651 (S.D. Ind. 1996)).

The interest of justice element "relates to the efficient administration of the court system rather than the merits of the underlying dispute." *Long*, 2016 WL 2866053, at *7. Factors considered in determining what is in the interest of justice include (1) "the likely speed to trial in each forum"; (2) "each forum's familiarity with the relevant law"; and (3) "the relationship of each forum to the controversy, particularly concerning whether jurors have a financial interest in the case, and whether jurors in one forum are better equipped to apply community standards." *Id*.

The party seeking a transfer of venue "has the burden to establish, by reference to particular

circumstances, that the transferee forum is clearly more convenient that the transferor forum." *Id*. at *4. Because "[t]he weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude," a trial judge has broad discretion when determining whether to transfer venue. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). See also, Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986).

None of these factors were addressed by Ultra Pro in its Motion to Dismiss and/or Transfer. The Court could deny the Motion for that reason alone. However, when the Court considers these factors, the case for the denial of the Motion becomes even stronger.

### A. Venue and jurisdiction are arguably proper in the transferor and transferee districts

Pursuant to 28 U.S.C. § 1391(b)(2), "[a] civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Venue is proper for this present case in the Southern District of Indiana because Ultra Pro has substantial contacts and business in the Southern District of Indiana, and the purported harm has occurred in the Southern District of Indiana. Venue could be proper in the Central District of California because it is a district "where [the action] might have been brought." 28 U.S.C. § 1404(a). Defendant resides in the Central District of California, meaning the case could have been venued there. *See* 28 U.S.C. § 1391(b)(1) (venue is proper in "a judicial district in which any defendant resides"). Both parties advertise online and sell their goods throughout the United States. Because venue and jurisdiction are arguably proper in both districts, these factors are neutral.

### B. Transfer to California will not serve the convenience of the parties or witnesses and it will not serve the interests of justice

Exhibits 1 and 2 (incorporated herein by reference) describe in great detail why this District is the best forum for this case and the most convenient for the parties and witnesses. Ultra Pro has

5

never contested the reasoning or the facts outlined in those materials or made any effort to rebut them. The fact that Ultra Pro never even responded to the motion to dismiss or transfer filed in the Northern District of Illinois or the motion to dismiss or transfer filed in the Central District of California speaks volumes.

Moreover, to the extent the interest of justice element "relates to the efficient administration of the court system rather than the merits of the underlying dispute," and the relative speed with which the forums can get the case resolved, *Long*, 2016 WL 2866053, at *7, the Court should consider: (1) this is the *third* motion to dismiss or transfer filed by the parties and it is long overdue for the procedural jousting to come to an end and for the case to get moving; and (2) Ultra Pro could have moved to stay this case until the venue issues got sorted out, but instead, it participated in the joint preparation of a Case Management Plan, which was recently filed in this Court (dkt 14). This case is under way here in Indianapolis and there is no good reason to stop that forward momentum now and have the parties start all over again a fourth time somewhere else.

WHEREFORE, BCW DIVERSIFIED, INC. respectfully requests an order denying the Motion to Dismiss and/or Transfer.

Defendant BCW Diversified, Inc., by:

*/s/ Marc C. Gravino*

Marc C. Gravino

Joel M. Huotari

WilliamsMcCarthy, LLP
120 West State Street, Suite 400
Rockford, IL  61105-0219
Email: mgravino@wilmac.com
Email: jhuotari@wilmac.com
Phone: (815) 987-8900

6