UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BCW DIVERSIFIED, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-01699-MJD-RLY |
| ) | |
| ULTRA PRO INTERNATIONAL, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Defendant's Motion to Dismiss and/or Transfer, [Dkt. 15], and Defendant's Motion to Stay Discovery, [Dkt. 20]. For the reasons set forth below, both motions are **DENIED**.

This case raises the question of whether Plaintiff BCW Diversified, Inc., ("BCW") has violated Defendant Ultra Pro International's ("Ultra Pro") rights in certain registered trademarks. That same question was previously raised in a trademark infringement action that was filed by Ultra Pro in the United States District Court for the Northern District of Illinois in June 2024 ("the Illinois Action"). On September 26, 2024, after BCW moved pursuant to 28 U.S.C. §1404 to transfer the Illinois Action to this district, which is where BCW resides, Ultra Pro voluntarily dismissed the Illinois Action.

On September 30, 2024, BCW filed this declaratory judgment action, which is the mirror image of the Illinois Action. On October 2, 2024, Ultra Pro filed what was essentially a reprisal of the Illinois Action in the Central District of California ("the California Action"). BCW moved to dismiss the California Action, or alternatively to transfer it to this court, "on the grounds that

[Ultra Pro's] claims in the [California Action] are compulsory counterclaims in the Indiana Action [this case], and the Indiana Action is the prior pending action." *See* Dkt. No. 23, 2:24-cv-08467-FLA-JPR (C.D. Cal.).  The motion to dismiss was initially summarily granted because Ultra Pro failed to respond to it, but the California court later granted Ultra Pro's motion to vacate the dismissal and reopened the California Action.  BCW's motion to dismiss has now been fully briefed and remains pending in that case.

Pending in this case is Ultra Pro's motion to dismiss or, in the alternative, to transfer this case to the Central District of California.  [Dkt. 15.]  Ultra Pro purports to bring its motion pursuant to Federal Rule of Civil Procedure 12(b)(3), but that rule relates to motions for **improper** venue, and Ultra Pro does not deny that this court is a proper venue for this case.  Rather, Ultra Pro invokes 28 U.S.C. § 1404(a), which provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

> Section 1404(a), which is a codification of the doctrine of *forum non conveniens*, permits a district court to transfer a case to another district if the court finds that the "convenience of parties and witnesses" and the "interest of justice" justify a transfer.  *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 59 (2013).  Transfer is appropriate under § 1404(a) when "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice."  *Moore v. Magiera Diesel Injection Servs., Inc.*, 2019 WL 2502029, at *2 (N.D. Ill. June 17, 2019) (internal quotation marks and citation omitted).  The moving party bears the burden of establishing that a transfer is warranted.  *Id.*

*Hammonds v. Purdue Univ. Bd. of Trustees*, 2025 WL 318273, at *1 (S.D. Ind. Jan. 28, 2025); *see also Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986) ("The movant . . . has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient.").

2

> With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum. Other related factors include the location of material events and the relative ease of access to sources of proof.
>
> The "interest of justice" is a separate element of the transfer analysis that relates to the efficient administration of the court system. For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy. The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result.

*Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (internal citations omitted).

Ultra Pro falls woefully short of satisfying its burden in its motion by failing to engage with the factors relevant to the convenience analysis. Instead, Ultra Pro relies solely on two principles it gleans from *Research Automation*: (1) the Seventh Circuit does not strictly adhere to the first-filed rule, and therefore the fact that this case was filed prior to the California Action is not determinative; and (2) the Seventh Circuit stated in *Research Automation* that where there are parallel cases "involv[ing] a declaratory judgment action and a mirror-image action seeking coercive relief[,] we ordinarily give priority to the coercive action, regardless of which case was filed first." *Id.* at 980. Both principles are reflected in *Research Automation*, but

> the Seventh Circuit has never held that coercive actions automatically take precedence over declaratory judgment actions. On the contrary, *Research Automation* . . . emphasizes that "there is no precise rule for resolving the problem created by mirror-image lawsuits in two different federal courts," 626 F.3d at 982 (quotation marks omitted), and that the transfer statute permits a "flexible and individualized analysis and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations," *id.* at 978.

*Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLC*, 240 F. Supp. 3d 848, 851 (N.D. Ill. 2016). After BCW addressed these factors in its response brief, Ultra Pro did not avail itself of the opportunity to file a reply in support of its motion.

Ultra Pro's failure to conduct the necessary analysis is fatal to its motion. The mere fact that this is a declaratory judgment action while the California Action is a coercive action is not, by itself, a sufficient reason to grant Ultra Pro's motion, and Ultra Pro presents no other reason. "'It is not this court's responsibility to research and construct the parties' arguments,'" *Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011). Accordingly, Ultra Pro's Motion to Dismiss and/or Transfer, [Dkt. 15], is **DENIED**.[1] In light of this ruling, Ultra Pro's Motion to Stay Discovery, [Dkt. 20], is **DENIED AS MOOT**.

SO ORDERED.

Dated: 12 MAR 2025

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.

---

[1] In the event that the motion to dismiss or transfer the California Action is denied, the Court would entertain a motion to exercise its discretion to dismiss this declaratory judgment action in favor of that case. *See Med. Assur. Co. v. Hellman*, 610 F.3d 371, 379 (7th Cir. 2010) ("[T]he Declaratory Judgment Act confers discretion on the district courts to decline to hear cases.").