UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BCW DIVERSIFIED, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01699-MJD-RLY |
| | ) | |
| ULTRA PRO INTERNATIONAL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's motion to compel, [Dkt. 107]. For the reasons set forth below, the motion is **GRANTED**.

**I. Background**

Plaintiff and Defendant are competitors in the business of selling various types of holders designed for protecting trading and gaming cards. As relevant to the instant motion, in its Amended Complaint, Plaintiff seeks declaratory judgment that it is not infringing on several trademarks owned by Defendant, including one for the phrase "deck vault" in connection with "containers for storing collectible cards" (the "DECK VAULT mark"). [Dkt. 83.] With regard to the DECK VAULT mark, Plaintiff alleged that it is not infringing the mark because, *inter alia*, Defendant has abandoned it. In its Answer, Defendant denied that it has abandoned the DECK VAULT mark. [Dkt. 84.] Defendant also asserted counterclaims for trademark infringement and other related claims as to the DECK VAULT mark and several others. *Id.*

Plaintiff served discovery requests and a Rule 30(b)(6) deposition notice that, unsurprisingly, sought information relating to all of the trademarks at issue, including the DECK VAULT mark. Just prior to serving its discovery responses, Defendant executed and provided Plaintiff with a covenant not to sue that read, in relevant part:

> 1. Ultra PRO hereby covenants not to sue BCW, its current and former officers, directors, members, representatives, managers, attorneys, employees, and related entities; or BCW's customers, distributors, dealers, or any other third party working in conjunction with BCW to manufacture or sell BCW products for any past or future claim of infringement of Ultra PRO's U.S. registered trademark 2,938,691 for DECK VAULT or its common law rights in DECK VAULT.
>
> 2. Ultra PRO hereby irrevocably releases, acquits, and forever discharges BCW, its current and former officers, directors, members, representatives, managers, attorneys, employees, and related entities; and BCW's customers, distributors, dealers, or any other third party working in conjunction with BCW to manufacture, offer to sell, or sell BCW products from any and all Claims arising out of or in connection with liability for any past or future infringement or alleged infringement of Ultra PRO's U.S. registered trademark 2,938,691 for DECK VAULT or its common law rights in DECK VAULT pertaining to any products on sale or previously on sale as of the date of this covenant.

[Dkt. 104-3.] In light of this Covenant, Defendant has moved to dismiss its counterclaims as they relate to the DECK VAULT mark, [Dkt. 105], and also has moved to dismiss Plaintiff's claims as to the DECK VAULT mark, [Dkt. 103], arguing that the Covenant moots all claims relating to that mark. Those motions remain pending and will be resolved in due course.

## II. Discussion

At issue in the instant motion is whether Defendant should be required to respond to Plaintiff's discovery requests, including providing 30(b)(6) testimony,[1] relating to the DECK

---

[1] Plaintiff is incorrect that Defendant's failure to file a motion for protective order regarding the Rule 30(b)(6) deposition issue constituted a waiver of its objection to providing a witness on the DECK VAULT mark. The Court's Minute Entry, [Dkt. 102], simply recognized that any discovery dispute may be brought to the Court as a motion to compel or a motion for protective

VAULT mark.[2] While Defendant already has produced some responsive documents that relate to that mark, it takes the position that discovery relating to the DECK VAULT mark is not relevant to any claims or defenses that remain in this case and therefore additional discovery on the topic should be precluded.

Putting aside the very obvious fact that the claims and defenses relating to the DECK VAULT mark are, in fact, still in this case, at least until the pending motions to dismiss are ruled on, Defendant's argument is simply incorrect. One of Plaintiff's claims in this case is that this is an exceptional case entitling Plaintiff to an award of fees. *See* [Dkt. 83 at 16] (prayer for relief in Amended Complaint asking Court to declare "Plaintiff the prevailing party and this case as exceptional" and to "award[] Plaintiff its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a)"). Defendant does not dispute Plaintiff's argument that the discovery at issue is relevant to the question of whether this is an exceptional case. Rather, Defendant, relying on *CSX Transp., Inc. v. Peirce*, No. 5:05-CV-202, 2012 WL 5354544, at *2 (N.D.W. Va. Oct. 29, 2012), argues that "[a]ttorneys' fees are not a claim or defense at this stage in litigation, and discovery as to attorneys' fees is not relevant to any other asserted claim or defense." [Dkt. 110 at 15.] The Court respectfully disagrees with the analysis in that case which, obviously, is not binding on this or any other court. There is no provision in the Case Management Plan for a post-judgment

---

order; it did not require the instant disputes to be raised in any particular way. And, in any event, the point is moot in light of the remainder of this order.

[2] Defendant's argument that Plaintiff improperly raised Interrogatory No. 18 and Document Requests Nos. 34, 38-39, 42-44, 49, 50, 52-53, 57, 58, 62-66, 68, 77, 79-81, and 86 in its motion because the parties' meet-and-confer obligations have not been satisfied as to them is incorrect. Plaintiff was **required** to raise "[a]ny disputes relating to any written discovery to which a party responded on or before November 17, 2025, of which a party is or should have been aware on November 24, 2025," in its motion by the Court's Minute Entry authorizing the instant motion. *See* [Dkt. 102 at 1]. All of the discovery requests at issue fall under that category.

discovery period on the issue of whether this is an exceptional case; the Case Management Plan provides that **all discovery** is to be completed by October 9, 2026. [Dkt. 67 at 2.]

There might be situations in which it is appropriate to delay discovery that is relevant only to a claim for attorney fees until after trial, once it is determined which party has prevailed in the case. This is not such a situation. Defendant has not even attempted to demonstrate that its burden in producing the discovery at issue would outweigh the judicial economy to be gained by completing that discovery now so that the exceptional case issue can be decided promptly after entry of judgment in this case if Plaintiff ultimately is the prevailing party.[3] Therefore, the discovery will go forward.

### III. Conclusion

For the reasons set forth above, Plaintiff's motion to compel, [Dkt. 107], is **GRANTED**. Defendant shall provide complete and unequivocal responses to Interrogatories Nos. 18, 19, and 22 and Document Requests Nos. 34, 38, 39, 42, 43, 44, 46, 49, 50, 52, 53, 57, 58, 62, 63, 64, 65, 66, 68, 76, 77, 79, 80, 81, and 86 as they relate to the DECK VAULT mark **within 14 days of the date of this Order**. In addition, the witness(es) Defendant provides in response to Plaintiff's Rule 30(b)(6) deposition notice shall be prepared to address each of the topics as to the DECK VAULT mark in addition to the other marks at issue. Plaintiff may file a motion for fees relating to this motion **within 14 days of the date of this Order**.

---

[3] Defendant states without elaboration that Plaintiff "has not prevailed in this case." [Dkt. 110 at 17.] That is a true statement, because the Court has not yet entered judgment in favor of Plaintiff. But if Defendant's motion to dismiss its counterclaim with prejudice as to the DECK VAULT mark is granted, no matter what else happens in this case, in the end the Court will enter judgment in favor of Plaintiff on Defendant's counterclaim as to that mark, making Plaintiff a prevailing party at least as to that claim. See *Claiborne v. Wisdom*, 414 F.3d 715, 719 (7th Cir. 2005) (dismissal of claim with prejudice is a judgment on the merits).

One final note. Plaintiff's counsel is admonished to comply with Local Rule 5-6(a)(2), which requires that each exhibit to a document be "given a title which describes its content," in all future filings.

SO ORDERED.

Dated: 12 JAN 2026

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.